UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND D. BUSHNER, | ) | |
| | ) | CASE NO. 1:22-cv-2060 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND | ) | **MEMORANDUM OPINION** |
| CORRECTION, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Raymond D. Bushner, an Ohio inmate currently incarcerated in the Ross Correctional Institution ("RCI"), has filed a prisoner civil rights complaint in this case pursuant to 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC") and the Mansfield Correctional Institution ("MCI"). (Doc. No. 1.) He also filed a motion to proceed *in forma pauperis*. (Doc. No. 2.)

**I.   Facts**

Plaintiff's Complaint pertained to an incident that allegedly occurred while he was incarcerated in MCI. He alleged his rights were violated when, pursuant to an unconstitutional policy, he was stripped and forced to walk naked in front of other inmates and ODCR staff. (Doc. No. 1-1 at 1.) His Complaint stated that the relief he sought was "declaratory, injunctive in the form of [his] immediate release from the custody/confinement of the [ODRC]" and $50 million in damages from each defendant. (Doc. No. 1 at 5, ¶ V.)

## II. Law and Analysis

### A. Standard of Review

Because plaintiff is suing governmental entities, his complaint is now subject to screening under 28 U.S.C. § 1915A. That statute requires district courts to screen any complaint filed in federal court in which a prisoner seeks redress from governmental defendants, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See id.*; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

### B. Motion to Amend

On January 24, 2023, Plaintiff filed a "Motion to Amend/Complaint For Temporary Restraining Order." (Doc. No. 3.) He did not file a new, proposed complaint with this motion, nor did he demonstrate a basis for a temporary restraining order. But in his motion, he asked that the Court "strike" his request for monetary damages in the case and "amend his complaint" to seek solely "prospective injunctive relief." (Doc. No. 2.) The Court will so construe his complaint and GRANTS those forms of relief.

### C. Section 1983 Claim

Upon review, the Court finds that Plaintiff's complaint must be dismissed. Even construed as Plaintiff requests in his motion to amend, the Complaint failed to state a plausible claim upon which he may be granted relief under Section 1983.

In order to state a claim under Section 1983, a plaintiff must allege that he suffered a deprivation of a right secured by the Constitution or laws of the United States "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The only defendants Plaintiff has named in this case are the ODRC and MCI, *i.e.*, a state agency and a

prison facility under the control of the ODRC. Neither of these entities is a person amenable to a Section 1983 suit. *See Peeples v. Ohio Dep't of Rehab. & Corr.*, 61 F.3d 904 (Table), 1995 WL 445714, at *1 (6th Cir. 1995) (holding that the ODRC is not a 'person' subject to suit for damages under § 1983 and that the ODRC did not waive its Eleventh Amendment immunity); *White v. Mansfield Correctional Institution*, No. 1:19-cv-2451, 2020 WL 789245, at *2 (N.D. Ohio Feb. 18, 2020) (holding that neither MCI nor ODRC were amenable to Section 1983 lawsuit); *Brown v. Imboden*, No. 1:11-CV-529, 2011 WL 3704952, at *2 (N.D. Ohio Aug. 23, 2011) ("As an initial matter, MANCI and the ODRC are not proper parties to this civil rights action. MANCI is a prison facility under the control of the ODRC. It is not its own legal entity, and is not capable of being sued or bringing suit. In other words, it is not *sui juris*.").

In addition, plaintiff's complaint, construed as he requests, fails to state a cognizable claim for the additional reason that any claim he asserts is now moot. Plaintiff's filings, and the public records of the ODRC, all indicate that he is no longer incarcerated in MCI where he contends the unconstitutional conduct he alleges took place. Rather, plaintiff is now incarcerated in RCI. Therefore, any request for prospective injunctive relief regarding the unconstitutional conduct that he alleges took place at MCI has been rendered moot by his transfer. *See Kensu v. Haugh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding prisoner's claim for declaratory and injunctive relief rendered moot when he was no longer housed at the facility giving rise to lawsuit).

Finally, a complaint is properly dismissed as frivolous if it is duplicative of an earlier action. *Peoples v. Reno*, No. 00-1086, 2000 WL 1477502, at *1 (6th Cir. Sept. 26, 2000); *see also Cummings v. Mason*, No. 1:11-cv-649, 2011 WL 2745937, at *1 (W.D. Mich. July 13, 2011) (holding that a "complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious"). A duplicative suit is

one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Heard v. Strange*, No. 2:21-cv-10237, 2021 WL 695052, at *1 (E.D. Mich. Feb. 23, 2021) (quoting *Smith v. S.E.C.*, 129 F. 3d 356, 361 (6th Cir. 1997)). District courts have "broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." *In re Camall Co.*, 16 F. App'x 403, 408 (6th Cir. 2001) (citing *In Re White Motor Credit*, 761 F.2d 270, 274–75 (6th Cir. 1985)).

As plaintiff acknowledges, he has already filed a civil rights action arising from the same conduct he alleges in this case, and that prior action is now proceeding in this Court against the relevant individual defendants. *See Bushner v. Tim McConahay, et al.*, No. 1:22-cv-484 (N.D. Ohio) (pending). "As a general rule, when duplicative lawsuits are pending . . . , the entire action should be decided by the court in which an action was first filed.'" *See Heard*, 2021 WL 695052, at *1 (quoting *Smith*). Accordingly, to the extent Plaintiff seeks to raise claims that are duplicative or arise from the same incident addressed in his first-filed case, he should seek to raise such claims in that pending case.

### III. Conclusion

For the foregoing reasons, this action is dismissed in accordance with 28 U.S.C. § 1915A. In light of this dismissal under § 1915A, his motion to proceed *in forma pauperis* is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

Date: June 14, 2023